**THE LAW OFFICES OF JOEL SCHWARTZ**
By: Joel Schwartz, Esq.
333 Tilton Road
Northfield, New Jersey 08225
Telephone: (609) 677-9454
Facsimile: (609) 677-9455
Attorneys for Plaintiff, Allen Siegel,
     aka Allen Valentine dba Elite Casino Marketing Group, Inc.

| | |
|---|---|
| **ALLEN SIEGEL, AKA ALLEN VALENTINE DBA ELITE CASINO MARKETING GROUP, INC.**<br><br>Plaintiff(s),<br><br>vs.<br><br>**Joy Productions, LLC, Mendelson Entertainment Group, LLC., Joy Theater, LLC., Barry Mendelson, Joseph Jaeger, Todd Trosclair, Allen McDonnel.**<br><br>Defendant(s) | UNITED STATES DISTRICT COURT<br>CAMDEN COUNTY<br><br>DOCKET NO.<br><br>**COMPLAINT** |

    Plaintiff, ALLEN SIEGEL, AKA ALLEN VALENTINE, DBA ELITE CASINO MARKETING GROUP, INC ("Plaintiff"), by and through its attorneys, The Law Offices of Joel Schwartz, hereby complains of defendant, Joy Productions, LLC, Mendelson Entertainment Group, LLC., Joy Theater, LLC., Barry Mendelsohn, Joseph Jaeger, Todd Trosclair, Allen McDonnel, ("Defendant"), and in support thereof avers and alleges as follows:

## THE PARTIES

1. At all times relevant hereto, Plaintiff, Allen Siegel, Aka Allen Valentine, was/is an individual with a principal place of business at 3851 Boardwalk, Suite 2703, Atlantic City, New Jersey 08401.

2. At all times relevant hereto, Plaintiff, Elite Casino Marketing Group, Inc., was a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 3851 Boardwalk, Suite 2703, Atlantic City, New Jersey 08401.

3. At all times relevant hereto, Defendant, Mendelson Entertainment Group, LLC was a limited liability company organized and existing under the laws of the State of Texas, with a primary business mailing address of 3303 BLACKBURN ST, APT 406, DALLAS, Texas 75204-1560.

4. At all times relevant hereto, Defendant, Joy Productions, LLC, was a limited liability company organized and existing under the laws of the State of Louisiana, with a primary business mailing address of 1200 Canal Street New Orleans, LA 70112.

5. At all times relevant hereto, Defendant, Joy Theater, LLC, was a limited liability company organized and existing under the laws of the State of Louisiana, with a primary business mailing address of 1200 Canal Street New Orleans, LA 70112.

6. At all times relevant hereto, Defendant, Barry Mendelson, was an individual with a primary business mailing address of 3303 BLACKBURN ST, APT 406, DALLAS, Texas 75204-1560.

7. At all times relevant hereto, Defendant, Joseph Jaeger, was an individual with a primary business mailing address of 1200 Canal Street New Orleans, LA 70112.

8. At all times relevant hereto, Defendant, Todd Trosclair, was an individual with a primary business mailing address of 1200 Canal Street New Orleans, LA 70112.

9. At all times relevant hereto, Defendant, Allen McDonnel, was an individual with a primary business mailing address of 1200 Canal Street New Orleans, LA 70112.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter in accordance with 28 USC § 1332 because the Complaint seeks monetary relief in excess of the statutory minimum and there is diversity by and amongst the Plaintiffs and the Defendants. Venue is proper in the United States District Court, Camden County.

## FACTUAL BACKGROUND

11. This action arises out of a transaction between Plaintiff and Defendant for the production of certain entertainment at the Joy Theater in New Orleans, Louisiana, i.e., Beatlemania, One Funny Mother, Valentine's Burlesque, and Lightwire, The Christmas Show.

12. On or about the beginning of July, 2013, a letter of understanding (the "Letter of Understanding") had been circulated by and among the Plaintiffs and the Defendants. See Exhibit A.

13. The Letter of Understanding set forth the basic principals that guided the litigants as to the financial obligations for the separate entertainment that would be provided by the Plaintiff for the benefit of the Joy Theater.

14. Upon receipt of the Letter of Understanding, on or about July 31, 2013, Plaintiff, Allen Valentine, corresponded with Defendant, Mendelson that a more structured

agreement was necessary. At the same time greater clarity was given to the ultimate contract terms, i.e., cost for each production, and other expense and cost variables. In addition, Plaintiff, Allen Valentine, aka, Allen Siegel indicated his intention to create the more substantive agreement. See Exhibit B

15. It was understood by and among the Plaintiff and the Defendants that the Defendant, the Mendelsohn Entertainment Group, LLC., acted essentially as a booking agent for the Joy Theater

16. Since entering into the agreement as set forth above, Defendant has only partially paid Plaintiff monies owed under the agreement.

17. Defendants have failed to abide by their obligations under the subject agreement between the parties.

18. Defendants failed to pay for all pre-production costs (the "Pre-production Cost") as outlined in the Letter of Understanding.

19. Defendants failed to pay for the consultation expenses (the "Consultation Expenses") set forth in the Letter of Understanding.

20   Defendants materially breached the terms of the agreement by and among the parties by failing to the Pre-production Costs and Consultation Expenses.

21. Defendant has materially breached the agreement with Plaintiff.

22. Plaintiff has incurred significant damages as a result of Defendant's breach and the related acts and/or omissions of Defendant.

23. As a direct consequence, of the Defendants, failure to pay monies due for services rendered, Plaintiff has had difficulty paying for the talent that had been booked at the Joy Theater

24. Because Plaintiff has been unable to pay the talent that had been booked and performed at the Joy Theater, Plaintiff has had difficulty booking talent to other venues.

25. The inability to book talent at other venues has adversely affected the Plaintiff's expected income far in excess of the actual damage associated with the Defendant's failure to pay the Plaintiff for the services that had been rendered.

## COUNT I - BREACH OF CONTRACT

26. Plaintiff repeats all of the allegations contained in Paragraphs 1 through 25 above and incorporates the same as if fully set forth at length herein.

27. Plaintiff and Defendant had a valid and enforceable contract.

28. Plaintiff has at all times performed all of the conditions stated in the contract with Defendant and has done so in a manner specified by the contract.

29. Defendant breached its duties under the contract between the parties including, but not limited to, failing to abide by the terms of the Letter of Understanding.

30. Defendant's breach was material and went to the essence of the contract and caused Plaintiff to suffer damages. That as a direct and proximate result of the Defendant's failure or refusal to pay said monies, the Plaintiff has sustained actual damages in excess of $39,000.00, and consequential damages of approximately $75,000.00

**WHEREFORE,** Plaintiffs demand judgment against the Defendant in the form of compensatory, consequential, and pecuniary damages, together with lawful interest, attorneys fees and costs of suit, and any other relief that the Court may deem proper and just.

## COUNT II – BAD FAITH

31. Plaintiff repeats all of the allegations contained in Paragraphs 1 through 31 above and incorporates the same as if fully set forth at length herein.

32. Defendant did not exercise good faith and fair dealing with Plaintiff with regard to the Contract as required by law, causing Plaintiff to suffer damages. That as a direct and proximate result of the Defendant's failure or refusal to pay said monies, the Plaintiff has sustained actual damages in excess of $39,000.00, and consequential damages of approximately $75,000.00

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory, consequential, pecuniary and punitive damages, together with attorneys' fees, costs of litigation and such other relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

33. That the Plaintiff incorporates herein by reference its allegations in paragraph 1 through 32, word for word, as if same were entirely repled.

34. That the Plaintiff provided services, by way of entertainment at the Joy Theater products based upon the Defendant's promise to pay the Plaintiff for same.

35. That the Defendant received the benefit of said entertainment.

36. That the Defendant has failed to pay the Plaintiff on the following sales:

| | |
|---|---|
| Beatlemania | $15,000 |
| One Funny Mother | $11,000 |
| Pre-production Costs | $ 5,000 |

|  |  |
|---|---|
| Consultation Fees | $ 8,000 |
|  | Total     $39,000.00 |

37. That these transactions reflect an estimate of the total amount of each sale and the actual amounts may have been significantly higher.

38. That as a result of the Defendant's failure and refusal to pay for said entertainment, the Defendant has been unjustly enriched.

39. That as a direct and proximate result of the Defendant's failure or refusal to pay said monies, the Plaintiff has sustained actual damages in excess of $39,000.00, and consequential damages of approximately $75,000.00

40. That equity and justice require the Defendant to pay the Plaintiff said monies.

Wherefore, the Plaintiff prays for a Judgment against the Defendant in the amount of $114,000.00 or such greater amount as the evidence justifies, together with interest, costs and attorney fees.

## COUNT IV – QUANTUM MERUIT

41. That the Plaintiff incorporates herein by reference its allegations in paragraph 1 through 40 word for word, as if same were entirely repled.

42. That the Plaintiff provided services, by way of entertainment at the Joy Theater products based upon the Defendant's promise to pay the Plaintiff for same.

43. That the Defendant received the benefit of said entertainment.

44. That the Defendant has failed to pay the Plaintiff on the following staged shows and agreed upon costs:

|  |  |
|---|---|
| Beatlemania | $15,000 |
| One Funny Mother | $11,000 |

|  |  |
|---|---|
| Pre-production Costs | $ 5,000 |
| Consultation Fees | $ 8,000 |
| Total | $39,000.00 |

45. That these transactions reflect an estimate of the total amount of each sale and the actual amounts may have been significantly higher.

46. That as a result of the Defendant's failure and refusal to pay for said entertainment, the Defendant has been unjustly enriched.

47. That as a direct and proximate result of the Defendant's failure or refusal to pay said monies, the Plaintiff has sustained actual damages in excess of $39,000.00, and consequential damages of approximately $75,000.00

48. That equity and justice require the Defendant to pay the Plaintiff said monies.

Wherefore, the Plaintiff prays for a Judgment against the Defendant in the amount of $114,000.00 or such greater amount as the evidence justifies, together with interest, costs and attorney fees.

## **COUNT V – FRAUD**

49. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 48 above.

50. On or about September 19-22, 2013 at the Joy Theater, New Orleans, Louisiana, Defendants did allow the talent (Beatlemania) that had been provided by the Plaintiff to perform there, having indicated their intention to pay the Plaintiff. These representations were false and Defendants knew the falsity of these statements at the time they were made.

51. On or about October 17-20, 2013 at the Joy Theater, New Orleans, Louisiana, Defendants did allow the talent (One Funny Mother) that had been provided by the Plaintiff to

perform there, having indicated their intention to pay the Plaintiff. These representations were false and Defendants knew the falsity of these statements at the time they were made.

52. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had no intention to pay for the services, requested and provided.

53. Plaintiff relied on the representations of defendant and would not have provided the entertainment otherwise.

54. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, allowed the entertainment to perform for the specific purpose of depriving Plaintiff of its funds, to harass Plaintiff in its business, and to defraud Plaintiff, all with malice toward Plaintiff.

55. Plaintiff has been injured by loss of use of the funds, loss of reputation, and an inability to compete in the market without the use of said funds. Plaintiff seeks compensatory damages in the amount of $75,000 for said acts.

56. These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that defendants and each of them will not engage in such conduct in the future and make an example of them.

WHEREFORE, Defendant demands judgment against the Plaintiff for damages, interest, attorney's fees and costs of suit.

                LAW OFFICES OF JOEL L. SCHWARTZ

                BY:   /s/_____
                        JOEL L. SCHWARTZ, ESQUIRE
                        Attorney for Defendant

Dated:   January 8, 2014

## DESIGNATION OF TRIAL COUNSEL

Joel L. Schwartz, Esquire is hereby designated as trial counsel of record on behalf of plaintiff.

/s/_____
Joel L. Schwartz, Esquire